IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BLACKLIDGE EMULSIONS, INC.                                           PLAINTIFF

Vs.                                           CIVIL ACTION NO.: 1:19-cv-422-LG-RHW

ASPHALT CONSULTANTS, INC. AND
DANNY GELWIX                                                         DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff, BLACKLIDGE EMULSIONS, INC. ("Plaintiff" or "Blacklidge"), by and through its undersigned counsel, and files this its Complaint against ASPHALT CONSULTANTS, INC. ("ACI") and DANNY GELWIX ("Gelwix") (collectively "Defendants") and in support thereof would show unto this Court the following, to-wit:

## PARTIES

1. Plaintiff, Blacklidge Emulsions, Inc., is a corporation organized under the laws of the State of Mississippi and doing business within the State of Mississippi with its primary place of business located at 12251 Bernard Parkway, Suite 200, Gulfport, Harrison County, Mississippi, 39503.

2. Defendant, ACI, is foreign corporation organized and existing under the laws of the State of Alabama with its home office and mailing address being 409 Stone River Road, Tuscaloosa, Alabama, 65406 doing business in the State of Mississippi and may be served with process of this Court through its Registered Agent, Wayne McClendon, 389 S. Ridge Road, Starkville, Mississippi 39759.

806707

3. Defendant, Danny Gelwix, is a resident citizen of Alabama and his residence is believed to be 4600 Brook Highland Lane, Tuscaloosa, Alabama 35401 where he may be served with lawful process.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter herein pursuant to 28 U.S.C. §1332 as there is complete diversity between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

5. Venue is proper in the Southern District, Southern Division of Mississippi, as all purchases by ACI from Blacklidge were made in Harrison County, Mississippi and both Defendants entered into contracts to be performed within the Southern Division of this Court. The Defendants are subject to the *in personam* jurisdiction of this Court.

## FACTS

6. On or about August 12, 2015, Defendant, Asphalt Consultants, Inc., submitted an Application for Credit that was signed by Defendant, Danny Gelwix, as President which would allow ACI to purchase products on credit from the Plaintiff with the understanding that all invoices for products purchased from the Plaintiff would be paid in full within thirty (30) days of the invoice. A copy of the Application for Credit is attached hereto as Exhibit "A". The Application for Credit provides that in the event an invoice is not paid in full the account would be in default and interest would be charged at the rate of 1.5% per month on the outstanding principal balance that is past due. The Application for Credit also calls for payment of all reasonable attorney's fees and expenses incurred by the Plaintiff to collect on the debt.

7. Under the Application for Credit executed by Defendant, Danny Gelwix, he individually "absolutely and unconditionally guarantee[d] full and punctual payment by Applicant to Seller of all amounts due and owing now, and from time to time hereafter". *See* Exhibit "A". In addition to this individual guarantee of payment, Gelwix also signed as President of ACI binding the company to the terms of the Application for Credit.

8. On or about July 30, 2019, undersigned counsel mailed to each Defendant, via the U.S. Postal Service regular mail and certified mail, return receipt requested, as well as by email to Mr. Gelwix, a Notice to Guarantor, Notice of Default and Demand for Payment. *See* Exhibit "B" (demand letter). Multiple prior demands had been made.

9. As of July 31, 2019, the principal amount due was $664,219.94, with accrued interest amount due of $94,829.67, for a combined amount due and owing of $759,049.61.

10. Additionally, Defendants are obligated to pay for all costs of collection, including attorney's fees, incurred by Plaintiff in this matter pursuant to the Application for Credit executed by Defendant. *See* Exhibit "A".

11. Further, the accrued interest due increases by $332.11 each day in accordance with the applicable contractual terms.

12. Plaintiff has made every good faith effort to communicate amicably with Defendants in its attempt to collect the amounts owed. Defendants have admitted that the debt is owed and even promised payments of amounts but no payments have been made by Defendants or received by the Plaintiff.

13. On June 3, 2019, the CFO of Blacklidge emailed Danny Gelwix asking for payment of the amounts due. In response on June 3, 2019, Defendant, Danny Gelwix,

806707

stated in his email that "in no way, am I shedding [sic] away from this amount that I owe, and am in fact 100% in agreement with the steps that you might have to take." A true and correct copy of the emails of June 3, 2019, are attached as Exhibit "C".

14. Again on June 27, 2019, the CFO of Blacklidge emailed Danny Gelwix making a limited offer of compromise if payment in full was received by July 12, 2019. On July 2, 2019, Mr. Gelwix responded repeating reasons why they were unable to pay but clearly acknowledging the debt stating that "I can only tell you that I am a man of my word and will pay Blacklidge Emulsions back everything... ." A true and correct copy of the emails of June 27, 2019 and July 2, 2019 are attached as Exhibit "D".

15. Prior to this, in early 2019 text messages were exchanged between the CFO of Blacklidge Emulsions and Danny Gelwix where he agreed to begin making weekly payments on the amounts owed. However, no payments were received. A true and correct copy of the text messages documenting these efforts at collection are also attached Exhibit "E" to this Complaint.

16. The Defendants have admitted that the debt is owed and that it is due in full but simply claim that they have been unable to make payments. Danny Gelwix individually and as President of ACI have repeatedly confirmed owing the debts for these invoices.

17. Exhibit "F" to this Complaint is a spreadsheet showing the interest calculations per invoice and the per diem interest.

## COUNT I: BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates by reference all above allegations as though fully set forth herein.

19. Plaintiff established an account and allowed ACI to bill purchases of product to that account in accordance with the terms of the Application for Credit and the individual guarantee of Gelwix.

20. Plaintiff performed its obligations under this agreement and sold and/or delivered product to ACI.

21. Defendant, ACI, has breached the contract with Plaintiff by failing to make payments in accordance with the Application for Credit and the terms of that extension of credit, and despite demand, Defendant, Gelwix, has refused to comply with the terms of the Guarantee by making payment of the amounts due.

22. WHEREFORE, Plaintiff demands a judgment in the amount of $664,219.94 and $94,829.67 in accrued interest as of July 31, 2019 plus and an additional $332.11 per day from said date until paid in full as well as fees, collection costs, including attorney's fees, and other charges incurred by Plaintiff throughout the pendency of this matter.

## COUNT II: UNJUST ENRICHMENT

23. Plaintiff re-alleges and incorporates by reference all above allegations as though fully set forth herein.

24. Defendants hold money that in equity and good conscience belongs to Plaintiff, resulting in an unjust enrichment to Defendants in the amount of no less than $664,219.94.

25. WHEREFORE, Plaintiff demands compensatory damages of $664,219.94, plus all interest as outlined above, fees, costs of collection, including attorney's fees, and other charges incurred by Plaintiff throughout the pendency of this matter.

806707

## COUNT III: QUANTUM MERUIT

26. Plaintiff re-alleges and incorporates by reference all above allegations as though fully set forth herein.

27. Plaintiff has a reasonable expectation to be paid for the product sold on credit to ACI which was guaranteed by Defendant, Gelwix.

28. WHEREFORE, in the alternative, Defendants are liable to Plaintiff under *quantum meruit* and Plaintiff demands compensatory damages of $664,219.94, plus all interest as outlined bove, fees, costs of collection, including attorney's fees, and other charges incurred by Plaintiff throughout the pendency of this matter.

## COUNT IV: DAMAGES AND PRE-JUDGMENT INTEREST

29. Plaintiff re-alleges and incorporates by reference all above allegations as though fully set forth herein.

30. Defendants are liable to Plaintiff in the amount of $759,049.61, plus pre and post judgment interest, as well as all costs, fees, and expenses of collection, including attorney's fees, incurred by Plaintiff throughout the pendency of this matter. Pre-judgment interest is owed pursuant to the terms of the Application for Credit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully demands judgment against Defendants, Asphalt Consultants, Inc and Dannie Gelwix, jointly and severally, in the amount of $759,049.61, plus pre and post judgment interest, as well as all costs, fees, and expenses of collection, including attorney's fees, incurred as the result of and throughout the pendency of this action, and for any such other and further relief as this Court deems appropriate.

806707

THIS the 30th day of July, 2019.

                Respectfully submitted,

                BLACKLIDGE EMULSIONS, INC.,
                Plaintiff

                By: */s/ David M. Ott*
                    David M. Ott, MSB #3948
                    J. Hardy Andrews, MSB #105363

David M. Ott, MSB #3948
J. Hardy Andrews, MSB #105363
BRYAN NELSON P.A.
Post Office Drawer 18109
Hattiesburg, Mississippi 39404-8109
Tel:  (601)261-4100
Fax:  (601)261-4106
dott@bnlawfirm.com
handrews@bnlawfirm.com

*Attorneys for Plaintiff, Blacklidge Emulsions, Inc.*