IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BLACKLIDGE EMULSIONS, INC.**                                              **PLAINTIFF**

v.                                                    CAUSE NO. 1:19CV422-LG-RPM

**ASPHALT CONSULTANTS, INC.**
 **and DANNY GELWIX**                                              **DEFENDANTS**

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the [12] Motion for Summary Judgment filed by Plaintiff Blacklidge Emulsions, Inc., in this lawsuit that arose out of a contractually-created credit account. In their response, the defendants, Asphalt Consultants, Inc. and Ganny Gelwix, state, "Defendants take no position with regard to Plaintiff's Motion for Summary Judgment." (Defs.' Resp., 1, ECF No. 20.) After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Plaintiff is entitled to summary judgment.

BACKGROUND

On August 12, 2015, the President of Asphalt Consultants, Inc., Danny Gelwix, signed an Application for Credit and Credit Agreement in order to purchase products on credit from Plaintiff. (Def.'s Mot. Ex. A, ECF No. 12-1.) Gelwix signed the application on behalf of Asphalt and also "personally and unconditionally guarant[eed] the payment by Applicant to Seller of all amounts due and owing . . . ." (*Id.* at 2-3.) The Application provided that all invoices would be paid in full within thirty days of the invoice. (*See id.* at 2.) The Application further provided:

> In the event an invoice is outstanding for a period greater than the payment term, the account is in default and is subject to an interest charge of one & one-half percent (1.5%) . . . per month (18% per annum) on all outstanding principal balances past due.  In the event Applicant defaults, Applicant agrees to pay all costs, expenses and fees, including reasonable attorney's fees and expenses which may be incurred by Seller in enforcing any provision of this agreement following any default by Applicant.

(*Id.*)

Counsel for Plaintiff mailed a Notice of Default and Demand for Payment to Defendants on July 30, 2019.  (Pl.'s Mot., Ex. B, ECF No. 12-2.)  The Notice reflected a principal indebtedness of $664,219.94 and interest totaling $94,829.67.  After Defendants failed to pay the indebtedness, Plaintiff filed this lawsuit on July 30, 2019, alleging claims of breach of contract, unjust enrichment, and quantum meruit.  Plaintiff's Chief Financial Officer, Jarrod Gray, has testified by affidavit that the principal balance on the account as of July 31, 2019, was $664,219.94, and the interest that had accrued at that time was $94,829.67.  Interest has continued to accrue since that date at an annual rate of 18%.  Plaintiff has filed the present Motion for Summary Judgment as to its breach of contract claim.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim.  Fed. R. Civ. P. 56.  The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant

carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). However, a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

"The elements of a valid contract are (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation." *Bert Allen Toyota, Inc. v. Grasz*, 909 So. 2d 763, 768 (Miss. Ct. App. 2005). Defendants do not dispute that the Application for Credit and Credit Agreement constitute a binding and enforceable contract, and the Court agrees with Plaintiff that all of the elements of a binding contract are present here. Plaintiff has produced uncontradicted evidence and an affidavit establishing the amount due under the contract. As a result, Plaintiff is entitled to summary

judgment as to its breach of contract claim against Defendants. Plaintiff's unjust enrichment and quantum meruit claims are dismissed because these doctrines only apply to situations where there is no legal contract. *See Ground Control, LLC v. Capsco Indus., Inc.*, 120 So. 3d 365, 371 (Miss. 2013); *In re Estate of Fitzner*, 881 So. 2d 164, 174 (Miss. 2003).

Plaintiff is entitled to recover the principal balance and interest accrued as of July 31, 2019, which totals $759,049.61. In addition, Plaintiff is entitled to recover the interest that has accrued since July 31, 2019, which totals $122,880.68.[1]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [12] Motion for Summary Judgment filed by Plaintiff Blacklidge Emulsions, Inc., is **GRANTED**. Plaintiff Blacklidge Emulsions is entitled to recover $881,930.29 from Defendants Asphalt Consultants, Inc. and Danny Gelwix. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's unjust enrichment and quantum meruit claims are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] This figure represents 18% annual interest on the principal balance for the period July 31, 2019 through July 31, 2020, plus daily interest of .05%, or $332.11, for the additional ten days that have passed since July 31, 2020.